[Civ. No. 144.   Second Appellate District.—February 12, 1906.]

H. G. CONNOLLY, Respondent, v. LOST HORSE MINING AND MILLING COMPANY et al., Defendants, T. C. RYAN et al., Appellants.

WORK AND LABOR—EVIDENCE.—In an action to recover for work and labor, *held,* upon a review of the evidence, that the services were performed for the defendants, in their individual capacity.

APPEAL from an order of the Superior Court of Riverside County, refusing a new trial.   J. S. Noyes, Judge.

The facts are stated in the opinion of the court.

Purington & Adair, for Appellants.

Gill & Densmore, for Respondent.

GRAY, P. J.—In this case the plaintiff, after a trial before the court without a jury, obtained a judgment against T. C. Ryan and Jepp Ryan for the sum of $533.75, balance due him for work and labor in looking after a mine that was not in operation, and in taking care of about one hundred head of cattle, horses and mules, drawing water for the same with a bucket and windlass out of a well ninety feet deep.   The defendants, the Ryans, appeal from an order denying them a new trial.

The only point urged as ground for reversal is that the finding to the effect that the services were performed for the appellants, and that there was due and unpaid the plaintiff from appellants the amount for which judgment was given,

is not sustained by the evidence. But we think this contention cannot be upheld. The appellants, T. C. Ryan and Jepp Ryan, as clearly appears from the evidence, were doing business together in some capacity under the name of "Ryan Bros." Part of plaintiff's wages while doing the work in question were paid with orders drawn by plaintiff upon "Ryan Bros." in favor of third parties. Some of these orders were paid by checks drawn on a bank and signed "Ryan Bros.," and both the orders referred to and the checks were introduced in evidence by the defendants themselves. They purported to be signed by defendants, and defendants, though both of them were on the witness-stand, did not deny that the orders were received by them or that the checks were issued by them; and as they both came from the possession of the defendants at the trial, the checks will be presumed to have emanated from them in the first instance. There is other evidence, unnecessary to here specifically refer to, tending strongly to show that plaintiff was working for the two individuals against whom the judgment was rendered. It is immaterial that the evidence may be insufficient to show a partnership, for the suit is against them in their individual capacity, and so is the judgment. There is no merit in the appeal.

The order appealed from is affirmed.

Allen, J., and Smith, J., concurred.